HOME FEDERAL BANK OF TENNESSEE,   )
  )
          Plaintiff,   )
  )
v.   )        No. 3:18-CV-379-JRG-DCP
  )
HOME FEDERAL BANK CORPORATION,   )
  )
          Defendant.   )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Extension of Time to Respond to First Set of Interrogatories [Doc. 29] and the parties' Joint Motion to Amend Scheduling Order [Doc. 32]. By way of background, the Court addressed Defendant's Motion [Doc. 30] at a telephonic hearing on April 3, 2019. Attorneys Cheryl Rice and John Wood appeared on behalf of Plaintiff, and Attorneys Amy Cubbage and Nicholas Vescovo appeared on behalf of Defendant. During the telephone hearing, Defendant explained that it was working on its responses to the interrogatories but that it experienced an armed robbery at one of its branches, which affected its ability to meet the deadline to respond. In addition, Defendant stated that it needed additional time to produce documents. Plaintiff stated that it would have no objection to Defendant's request, except that Defendant's requested extension would jeopardize Plaintiff's ability to disclose its expert by the deadline.

The parties stated that they had scheduled a meeting with one another, which was to occur immediately after the telephone hearing with the Court. The Court proposed that the parties

discuss a realistic schedule relating to the production of discovery and expert disclosures and submit a joint motion if the parties could agree on the deadlines. The parties agreed to discuss the issues, and the instant Joint Motion followed.

In the parties' Joint Motion, they request that the deadline for Plaintiff's expert disclosures be extended to July 30, 2019, that Defendant's deadline for expert disclosures be extended to August 30, 2019, the deadline for expert objections be extended to September 27, 2019, the deadline for filing the status report be extended to July 29, 2019, and that the deadline for discovery be extended to October 25, 2019. For grounds, the parties state that they have agreed on a schedule with respect to Defendant's discovery responses and that they have worked together in order to determine a realistic schedule given Defendant's delay in responding to discovery. The Joint Motion explains that extraordinary circumstances exist because one of Defendant's branches was robbed, which required the attention of Defendant's executive management team.

Accordingly, the Court finds that the parties have established good cause for the requested extensions, and the Joint Motion to Amend Scheduling Order [**Doc. 32**] is **GRANTED**. Based on the parties' agreement regarding Defendant's discovery responses outlined in [Doc. 32], the Court **DENIES AS MOOT** Defendant's Motion for Extension of Time to Respond to Plaintiff's First Set of Interrogatories [**Doc. 29**]. The Court further **ORDERS** as follows:

(1) Plaintiff and Counter-Plaintiff shall disclose their experts on or before **July 30, 2019**;

(2) Defendant and Counter-Defendant shall disclose their experts on or before **August 30, 2019**;

(3) Objections to expert witnesses shall be filed on or before **September 27, 2019**;

(4) The parties shall file a written status report detailing the case's progress on or before **July 29, 2019**;

(5) The parties shall jointly notify the Court as to whether an agreement has been reached by the parties to utilize mediation on or before **September 27, 2019**; and

(6) The parties shall complete discovery on or before **October 25, 2019.**

Given the above extensions, the parties are on notice that future requests for extensions will not be granted, absent extraordinary circumstances.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge