UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOME FEDERAL BANK OF TENNESSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-379-JRG-DCP |
| | ) | |
| HOME FEDERAL BANK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' supplemental briefs [Doc. 81, 86] with respect to Plaintiff's Request for Production of Documents No. 55 ("Request No. 55"), which seeks documents evidencing the realtors and title companies that have done business with or referred business to Defendant. By way of background, on September 18, 2019, the Court ordered [Doc. 80] the parties to submit additional briefing on why or why not such discovery is relevant and proportional to the needs of this case. Both parties submitted their additional briefs, and the issue is now ripe for adjudication. Accordingly, for the reasons explained below, the Court finds limited discovery warranted.

**I.      POSITIONS OF THE PARTIES**

Plaintiff requests [Doc. 81] that the Court order Defendant to respond to Request No. 55. Plaintiff states that in the spring of 2016, Defendant opened an office in Knox County, approximately one mile away from one of Plaintiff's offices. Plaintiff states that Defendant refers to its new office on its website as follows: "HFBMortgage is the newest office at Home Federal

Bank." Plaintiff argues that Defendant's actions have caused confusion in the market and that the requested discovery is relevant and proportional to the needs of this case.

With respect to relevancy, Plaintiff contends that "HFBMortgage" infringes upon its mark and that documents showing all realtors and title companies that have done business with or referred business to Defendant's new Knoxville office are likely to lead to evidence of actual confusion. Further, Plaintiff states that it needs documents because Defendant has been unwilling to produce other documents related to issues of confusion. Plaintiff states that it has discovered twenty (20) instances of actual confusion. Plaintiff maintains that it has a right to discover incidents of actual confusion through Defendant's real estate agents and title companies among other sources. Plaintiff argues that the information Request No. 55 seeks will assist it in determining how Defendant interacts with and markets to local realtors and title companies. Plaintiff states that such information may also reveal that Defendant intended to use Plaintiff's trademarks in order to obtain business from or work with such realtors and title companies. Plaintiff submits that the documents sought by Request No. 55 directly relate to the scope of Defendant's use of Plaintiff's trademarks in the Knoxville area and, by extension, Plaintiff's damages. Finally, Plaintiff argues that evidence of Defendant's use of its marks, particularly with regard to the Knoxville office, is also relevant to its defenses against Defendant's counterclaims.

With respect to proportionality, Plaintiff argues that Defendant submitted unfounded boilerplate objections. Further, Plaintiff states that documents responsive to Request No. 55 may reveal information regarding actual confusion and dilution of the market, which is essential for Plaintiff's damages analysis. Plaintiff asserts that the amount in controversy is potentially millions of dollars and may involve injunctive relief against one of the parties. Plaintiff states that it does not have access to this information and that Defendant should have at least some of the requested

2

information readily available. Plaintiff states that any burden to Defendant is not outweighed by Plaintiff's need of such discovery. Finally, Plaintiff argues that Defendant has not established that such information is proprietary and that the Court has already entered a Protective Order in this case that should alleviate any confidentiality concerns with such information.

In Response [Doc. 86], Defendant submits that the unfettered production of information responsive to Request No. 55 poses an undue and unfair risk of harassment of its business contacts, which outweighs the limited relevance of such information. Defendant states that Document Request No. 55 seeks the name of every realtor and title company that has done business with its Knoxville Office, no matter if the entity was an existing contact of Defendant prior to opening its Knoxville office. Defendant argues that Plaintiff will contact its customers and interrogate them about their business relationships, subjecting the non-parties to harassing discovery regarding confidential referral and customer relationships. Defendant fears that its customers will abstain from doing business with it.

Further, Defendant argues that Plaintiff has not made an effort to tailor the discovery request and is seeking all documents regarding the Knoxville office's referral relationships. Defendant maintains that Plaintiff's overly broad request goes beyond the question of confusion. Defendant proposes, to the extent the Court will allow discovery into confusion, that it produce a list of realtors and title companies who were developed as new relationships after the Knoxville office opened and that the parties send an agreed-upon email to those realtors and title companies, asking questions regarding customer confusion between the entities. Defendant states that to the extent any respond that they did experience confusion, Plaintiff may depose the realtor or title company representative. Defendant argues that this procedure would allow Plaintiff to obtain the

discovery it seeks while minimizing the risk of overreaching and oppression of Defendant's customers.

## II. ANALYSIS

The Court has considered the parties' positions as outlined above, and for the reasons explained below, the Court finds limited discovery warranted.

As the Court mentioned in its previous Memorandum and Order [Doc. 80], Federal Rule of Civil Procedure 26(b) governs discovery. Specifically, Rule 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery requests is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

As mentioned above, Request No. 55 seeks documents "sufficient to show all realtors and title companies that have done business with or referred clients to Defendant's Knoxville Office."

Plaintiff argues that such documents may lead to evidence of actual confusion—that is customers of realtors and title companies have likely been confused by Defendant's use of Plaintiff's marks and that the realtors and title companies have likely been confused themselves. The Court notes that the identity of customers is relevant in this action because one factor courts consider in analyzing a trademark infringement claim is whether there is actual confusion in the market. *Kibler v. Hall*, 843 F.3d 1068, 1073 (6th Cir. 2016) (stating that evidence of actual confusion is a factor in analyzing a trademark infringement claim). One way to determine whether there was actual confusion is to ask each other's customers. Thus, while the Court agrees with Plaintiff that actual confusion is relevant, that is not the information that Request No. 55 seeks. Request No. 55 seeks documents showing Defendant's business relationships with realtors and title companies. On its face, it is not clear what specific documents Plaintiff seeks and how such documents— whatever they may be—would show actual confusion.

Plaintiff argues that it seeks documents because of Defendant's unwillingness to produce other documents related to actual confusion. Plaintiff states that, for example, in response to Interrogatory No. 18, Defendant only identified two potential incidents of confusion and produced two incomplete emails regarding confusion. Plaintiff states that documents will assist it in determining how Defendant acts with or markets to local realtors and title companies and whether Defendant's work with such realtors and title companies has yielded profits for Defendant. Again, Request No. 55 seeks documents showing Defendant's businesses relationships. The Court agrees with Defendant that Request No. 55 is overly broad as written.

Plaintiff argues that the documents sought in Request No. 55 may lead to the discovery of fact witnesses, Plaintiff's damages, and dilution of the market. Plaintiff's argument supports discovering the identity of Defendant's customers. The Court agrees with Defendant that as

5

Request No. 55 is written, it goes beyond what is reasonably necessary to achieve Plaintiff's stated purpose. Defendant proposes, to the extent the Court is willing to allow some discovery into possible confusion, to produce a list of realtors and title companies that were developed as new relationships after its Knoxville office opened. As mentioned above, the Court agrees with Plaintiff's argument that actual confusion is relevant but agrees with Defendant's approach as it would allow Plaintiff to discover the information that it seeks without compelling Defendant to provide various documents that go beyond what is relevant and reasonably necessary. *Deere & Co. v. FIMCO, Inc.*, No. 5:15-CV-105-TBR, 2016 WL 11268963, at *2 (W.D. Ky. Apr. 26, 2016) (recognizing that there is a split of authority on whether a party must produce its customer list but stating that cases that allow such discovery debate "under what conditions" the information must be disclosed) (other citations omitted); *see also Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D. Ill. 2006) ("The authorities are clear that in most cases the question is not whether customer lists will be produced, but under what circumstances.").

Defendant further proposes that the parties send a joint email to the customers regarding actual confusion and if anyone responds affirmatively, then Plaintiff may take depositions. It appears Defendant's proposal stems from its concern that Plaintiff's counsel's contact with its customers will cause it harm with its business relationships. First, Defendant has not set forth sufficient facts that its business relationships will suffer. *See Bay Area Healthcare Advisors, LLC v. PremierTox 2.0, Inc.*, No. 1:16-CV-00020-HBB, 2016 WL 4203594, at *4 (W.D. Ky. Aug. 9, 2016) (explaining that "mere speculation that the opposing counsel's contact with a customer will cause damage to a business relationship is insufficient to warrant precluding such contact"). Further, the Court finds it premature to rule on how Plaintiff may use such discovery, but the

undersigned encourages the parties to discuss whether Defendant's proposal is a practical option to proceed given the issues in this case.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **ORDERS** Defendant to produce to Plaintiff a list of realtors and title companies who were developed as new relationships after its Knoxville office opened within fourteen (14) days of entry of this Memorandum and Order. Defendant may make appropriate designations to such discovery pursuant to the provisions of the Protective Order in this case.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge