UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOME FEDERAL BANK OF TENNESSEE, | ) |
| | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 3:18–CV–00379 |
| | ) |
| HOME FEDERAL BANK CORPORATION, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Counter-Plaintiff Home Federal Bank Corporation's ("Defendant") Objections to the Report and Recommendation of the Magistrate Judge, [Doc. 186], Denying its Emergency Renewed Motion to Amend Agreed Protective Order and Motion to Disqualify. [Doc. 190]. Plaintiff/Counter-Defendant Home Federal Bank of Tennessee ("Plaintiff") responded to those objections. [Doc. 195]. The Court held a hearing on the Objections, [Doc. 198], and allowed Defendant to supplement the record with documents supporting its objections. [Docs. 199, 204]. Plaintiff responded to Defendant's supplemental submissions. [Doc. 205]. After reviewing the filings of the Parties, the record, and applicable law, Defendant's objections are OVERRULED, the Court ADOPTS the Report and Recommendation, [Doc. 186], and MODIFIES it to be consistent with this Order. Therefore, Defendant's Emergency Renewed Motion to Amend Agreed Protective Order [Doc. 96], Defendant's Motion to Disqualify, [Doc. 115], Defendant's Motion for Evidentiary Hearing, [Doc. 126], and Defendant's Motion for Leave to File Supplemental Memorandum, [Doc. 178], are DENIED.

1

## I. Additional Procedural History

The Report and Recommendation ("R&R") contains a thorough summary of the procedural history in this case, and reciting it again is unnecessary. Since the R&R was entered, the Court held a hearing on the objections filed by Defendant. [Doc. 190]. At the hearing, the Court gave Defendant an opportunity to supplement the record with the documents it believed contained information that would be highly prejudicial if Ms. Rice reviewed them. [Doc. 202, PageID 5147]. Defendant filed those documents under seal along with a supplemental memorandum, and Plaintiff responded. [Docs. 199, 204–05].

## II. Defendant's Objections

Defendant broadly objects to the Magistrate Judge's R&R regarding its Emergency Renewed Motion to Amend Protective Order and Motion to Disqualify. [Doc. 190]. Defendant states, "the R&R contradicts the overwhelming weight of case law," [*Id.* at PageID 4959], and Defendant insists that the evidence shows that Ms. Rice is a competitive decisionmaker, [*Id.* at PageID 4962]. Additionally, Defendant asserts that it has standing to file a motion to disqualify, in contradiction to the R&R. [*Id.* at PageID 4974]. At the hearing, Defendant specifically argued that the R&R failed to give weight to "the statement of Christopher Sablich, the statement of Alex Cook, and the declaration [ . . . ] of Mr. Vescovo and the [Office of the Comptroller of the Currency] *Director's Book*. [Doc. 202, PageID 5119–20].

## III. Standard

A district judge reviews *de novo* any part of a report and recommendation that a party properly objects to "unless the objections are frivolous, conclusive, or general." Fed. R. Civ. P. 72(b); *United States v. Hayes*, No. 3:19–CR–73–TAV–HBG, 2020 WL 2045702, at *3 (E.D. Tenn. Apr. 28, 2020). "The district judge may accept, reject, or modify the recommended disposition;

2

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**IV.   Analysis**

    1.    <u>Emergency Renewed Motion to Amend Agreed Protective Order</u>

The R&R regarding Defendant's Emergency Renewed Motion to Amend Agreed Protective Order is not erroneous and is adopted by the Court. Defendant objects to the R&R stating that its conclusion goes against case law and the weight of evidence by finding that Ms. Rice is not a competitive decisionmaker. The objection is overruled.

A party seeking to amend a protective order has the burden of showing good cause for the amendment. *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 914 (E.D. Tenn. 2009). Defendant argues that good cause is shown because Ms. Rice's position as a Director on Plaintiff's Board of Directors leads to a high risk of inadvertent disclosure of harmful, competitive information. [Doc. 190, PageID 4961]. Defendant contends that Ms. Rice "has a fiduciary obligation to exercise full decision-making authority on behalf of Plaintiff," and that her role on the Board of Directors will require her to disclose the information that she learns through this litigation. [*Id.*]. To prevent such a disclosure, Defendant wants to amend the protective order to prevent Ms. Rice from viewing "Highly Confidential" information. [*Id.* at PageID 4962].

The Parties agree that *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), is the leading authority for determining when an attorney should be blocked from learning information because of the risk of disclosing that information. [Doc. 190, PageID 4962; Doc. 195, PageID 5014]. *U.S. Steel* focuses on the chance of "inadvertent or accidental disclosure" of confidential information to a person who makes decisions based on what the client's competitors are doing, that is disclosure to a person who participates in "competitive decisionmaking." *U.S.*

3

*Steel Corp.*, 730 F.2d at 1468. In a footnote, the *U.S. Steel* court defines "competitive decisionmaking" "as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Id.* at 1468 n.3. The phrase "competitive decisionmaker" has been coined to mean a person who makes decisions based on the client's competitors. *Silversun Indus., Inc. v. PPG Indus., Inc.*, 296 F. Supp. 3d 936, 945 (N.D. Ill. 2017).

According to Defendant, Ms. Rice's position on the Board of Directors comes with obligations that could lead to the inadvertent disclosure of information and she is a competitive decisionmaker. [Doc. 190, PageID 4962–63]. Defendant claims that she will use the information learned during this litigation in future decisions, possibly unintentionally, in her role as a Director. [*Id.* at PageID 4972]. In the abstract, that is a reasonable concern. But the concern is not grounded in the facts of this case.

The facts are the most important part of this analysis, not just Ms. Rice's membership on the Board. *U.S. Steel* emphasizes looking carefully at the facts of the case, not just the label of an attorney's title. *U.S. Steel Corp.*, 730 F.2d at 1468; *see Silversun Indus., Inc.*, 296 F. Supp. 3d at 940. The facts presented by Defendant simply do not meet the burden of showing good cause to amend the protective order.

Defendant has had over a year to develop the record, and the Court gave it one last opportunity to file its highly confidential documents. Defendant deposed David Sharp, a member of Plaintiff's Board of Directors, [Doc. 96–1], provided three declarations, one each from: (1) Christopher Sablich, an independent consultant, [Doc. 132–1], (2) Alex Cook, Defendant's

4

President and CEO[1], [Doc. 132–2], and (3) Nicholas Vescovo, one of Defendant's attorneys, [Doc. 44–2]. Last, Defendant submitted the most prejudicial documents that Ms. Rice would see, which are marketing and growth plans (Defendant left the caveat that financial documents in the possession of the Kentucky Department of Financial Institutions could be prejudicial, but those are not before the Court). [Docs. 199, 204].

Looking to the submissions provided by Defendant, these are the facts. Plaintiff's Board of Directors lets management run the bank, approves opening new branches, does not set rates or make strategic decisions, reviews the financial plan, and approves the corporate plan. [Doc. 96–1, PageID 2300–01]. When reviewing the corporate plan, the Board sets the objectives of the bank, including aiming to make a certain amount of money and estimating income, costs, and liabilities. [*Id.*].

Mr. Sablich gives the opinion that banks should look to see what their competitors are doing before making decisions based on the OCC *Director's Book*. [Doc. 132–1]. Similarly, Mr. Cook and Mr. Vescovo sit on boards of banks and describe themselves as competitive decisionmakers. [Docs 132–2; 44–2]. Last, when Defendant had an opportunity to give the Court its documents that need the most protection, it provided old marketing and growth strategies. [Doc. 204].

These facts simply do not meet Defendant's burden. Defendant has not provided any facts about the considerations that the Board of Directors use when deciding to open a new branch (such as, whether they research how many banks are near the potential new location), and it has not presented facts about how the Board interacts with management (Defendant did not even seek

---

[1] It should be noted that the declarations of Mr. Sablich and Mr. Cook were filed in a reply brief for the Motion to Disqualify, not for the Emergency Renewed Motion to Amend the Protective Order.

5

board meeting minutes on this issue, [Doc. 202, PageID 5130; 5138]). The declarations submitted by Defendant provide opinions about how banks should operate, but they do not shed any insight into how Plaintiff operates. Similarly, the OCC *Director's Book* referred to by the declarants does not give facts about how Plaintiff, Plaintiff's Board of Directors, Plaintiff's management, and Ms. Rice interact. Last, Defendant does not give a satisfactory explanation about how old marketing materials could harm it. It gives conclusory explanations like, "Plaintiff Bank's advance knowledge of its competitor's goals and weaknesses can adversely impact the Defendant Bank's business." [Doc. 199, PageID 5047].

While the Court understands Defendant's concerns, it has not provided facts that come close to meeting its burden. And this analysis is about the facts. Defendant has not shown that the Board of Directors on which Ms. Rice sits makes "competitive decisions," i.e. decisions based on what their competition is doing. Defendant has also failed to show that inadvertent disclosure of documents it deems "highly confidential" would harm it.

Defendant has presented *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, as its best case. But *Norbrook* shows exactly why Defendant has failed to meet its burden. The *Norbrook* court found that the attorney served as the party's corporate secretary, sat on the board of directors, and sat "in the same room as those who are involved in competitive decisionmaking." *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, No. 5:03CV165(HGM/GLS), 2003 WL 1956214, at *5 (N.D.N.Y. Apr. 24, 2003). Not only could the attorney influence the competitive decisionmakers, the information that he wanted to learn could influence competitive decisionmaking. [*Id.*]. He wanted to view "attorney's eyes only" information, and the lawsuit was about misappropriation of trade secrets, which by their definition "affords a competitive advantage and is a protectable secret." *Id.* at *3–*5 (N.D.N.Y. Apr. 24, 2003). While the *Norbrook Labs* court prevented the attorney from

6

Case 3:18-cv-00379-JRG-DCP   Document 206   Filed 07/01/20   Page 6 of 9   PageID #: 5236

learning about trade secrets, Defendant has not provided satisfactory reasons for preventing Ms. Rice from seeing old marketing plans or explained how the old plans could give Plaintiff a competitive advantage.

Also, Defendant argues that the R&R does not give enough attention to "the statement of Christopher Sablich, the statement of Alex Cook, and the declaration both of Mr. Vescovo[,] and the [Office of the Comptroller of the Currency] *Director's Book*. [Doc. 202, PageID 5119–20]. The Court disagrees. In the thorough R&R, the declarations of Mr. Sablich, Mr. Cook, and the OCC *Director's Book* are discussed at length. [Doc. 186, PageID 4920–4922; 4937–38]. Defendant stated in the hearing that the R&R overlooked a declaration from Mr. Vescovo, but the declaration was not identified in its Objections. Even still, Mr. Vescovo's declaration, [Doc. 44–2], presents the same problems as the statements from Mr. Sablich and Mr. Cook. Mr. Vescovo names himself a competitive decisionmaker and says that board members of banks should make competitive decisions. [*Id.* at PageID 623]. His statement does not discuss anything about Plaintiff, Plaintiff's Board of Directors, or Ms. Rice. [*Id.*].

Defendant has not provided enough evidence to show that Ms. Rice, in her role as Director, poses a risk of inadvertent disclosure of any information that would give Plaintiff a competitive advantage. Likewise, Defendant has not shown that Plaintiff's Board of Directors makes decisions based on information regarding Plaintiff's competition, and Defendant has not provided documents that show that it would be harmed by the inadvertent disclosure of the information. Therefore, the objections to the R&R regarding the Emergency Renewed Motion to Amend Protective Order are OVERRULED, the R&R is ADOPTED and MODIFIED to be consistent with this Order, and Defendant's Emergency Renewed Motion to Amend Agreed Protective Order, [Doc. 96], is DENIED.

### 2. Motion to Disqualify

Likewise, the R&R's recommendation that Defendant's Motion to Disqualify should be denied because Defendant does not have standing is not erroneous. Defendant's objection is simply that it has standing and Rule 1.7 of the Tennessee Rules of Professional Conduct requires Ms. Rice's disqualification. [Doc. 190, PageID 4971, 4974]. Because Defendant does not have standing, the objection is overruled.

Attorneys may be disqualified under federal common law or this Court's Local Rules, which incorporate the Tennessee Code of Professional Conduct. *Bartech Indus., Inc. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). But a motion to disqualify for conflict of interest can only be brought if the movant had an attorney-client relationship with the attorney. *Frey v. Prior*, 948 F.2d 1288 (6th Cir. 1991); *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, No. 2:16–CV–13040, 2019 WL 2576360, at *1 (E.D. Mich. June 24, 2019), *objections overruled*, No. 16–13040, 2019 WL 4017161 (E.D. Mich. Aug. 26, 2019).

Defendant tries to avoid that requirement by focusing on Ms. Rice's membership on the Plaintiff's Board of Directors, but her membership cannot satisfy or alter the well-settled attorney-client relationship requirement. The R&R is not erroneous by enforcing that requirement.

Therefore, Defendant's Objections to the Motion to Disqualify are OVERRULED, the R&R is ADOPTED and MODIFIED to be consistent with this Order, and Defendant's Motion to Disqualify, [Doc. 115], is DENIED.

### V. Other Recommendations

The R&R also recommended Defendant's Motion for Evidentiary Hearing, [Doc. 126], and Motion for Leave to File Supplemental Memorandum, [Doc. 178], be denied. Neither Party objects to this recommendation. After consideration of the record as a whole and the R&R, the R&R as to

these Motions is ADOPTED and APPROVED. Therefore, Defendant's Motion for Evidentiary Hearing, [Doc. 126], and Motion for Leave to File Supplemental Memorandum, [Doc. 178], are DENIED.

## VI. Conclusion

For the reasons stated above, Defendant's objections are OVERRULED, and the Court ADOPTS the Report and Recommendation, [Doc. 186], and MODIFIES it to be consistent with this Order. Therefore, Defendant's Emergency Renewed Motion to Amend Agreed Protective Order [Doc. 96], Defendant's Motion to Disqualify, [Doc. 115], Defendant's Motion for Evidentiary Hearing [Doc. 126], and Defendant's Motion for Leave to File Supplemental Memorandum, [Doc. 178], are DENIED.

So ordered.

ENTER:

                        s/J. RONNIE GREER
                        UNITED STATES DISTRICT JUDGE